Filed 5/30/24  P. v. Verrett CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>   v.<br><br>DAMIEN VERRETT,<br><br>       Defendant and Appellant. | C098698<br><br>(Super. Ct. No.<br>STKCRFE2018006292) |

Defendant Damien Verrett appeals from the denial of his resentencing petition brought pursuant to Penal Code section 1172.6.[1]  On appeal, defendant's primary contention is that the trial court improperly relied on the preliminary hearing transcript to find him ineligible for resentencing.  We conclude the trial court erred in relying on the preliminary hearing transcript to deny defendant's petition at the prima facie stage.

---

[1]     Undesignated section references are to the Penal Code.  Defendant's petition references section 1170.95, the prior version of the statute.  At the time defendant filed the petition, the Legislature renumbered former section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We cite to the current section 1172.6 throughout this opinion.

Because nothing else in the record establishes defendant's ineligibility for resentencing as a matter of law, we will remand for the trial court to issue an order to show cause.

BACKGROUND

In 2018, an information charged defendant with attempted murder (§§ 664, 187, subd. (a)), assault with a semiautomatic firearm (§ 245, subd. (b)), being a prohibited person in possession of a firearm (§ 29800, subd. (a)(1)), and being a prohibited person in possession of ammunition (§ 30305, subd. (a)(1)). As to the attempted murder, the information alleged defendant personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)). As to the assault, the information alleged defendant personally used a firearm (§ 12022.5, subd. (a)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)).

Defendant pleaded no contest to attempted murder (§§ 664, 187, subd. (a)) with no willful, deliberate, and premeditated allegation and admitted to personally using a firearm in committing the offense (§ 12022.53, subd. (b)). During the plea colloquy, the trial court asked the parties if they "[s]tip to the prelim," which they did. The court sentenced defendant to 17 years imprisonment, comprised of seven years (the middle term) for the attempted murder and 10 years for the firearm enhancement.

In 2022, defendant petitioned for resentencing pursuant to section 1172.6, asserting that he could not presently be convicted of attempted murder due to changes made to sections 188 and 189. The People opposed the petition, contending that defendant was ineligible for relief because he had not been prosecuted under the natural and probable consequences doctrine. In support, the People relied on witness testimony from the preliminary hearing in which defendant was identified as the sole and direct perpetrator of the attempted murder. Defendant responded that the trial court could not rely on the preliminary hearing transcript to deny him relief at the prima facie stage even though his attorney had stipulated to the transcript as the factual basis for the plea.

The trial court denied defendant's petition, concluding he did not establish prima facie entitlement to relief. The court explained: "[I]n this case there was a prelim, witnesses testified to the conduct of the defendant, and at the time of the plea the defense stipulated that there was a factual basis, not a theoretical basis, for the attempted murder charge, as well as the personal use of a gun, and I feel that . . . the gun enhancement in a case where there is a single shooter, where it is alleged that the gun was used and then admitted that he used the gun to commit the attempted murder, not as part of a conspiracy but as the sole actor, that the court can use the fact that there is a plea, that transcript, and the preliminary hearing, to make those factual findings at this stage. [¶] . . . [¶] . . . [S]o in this case I don't think the petitioner has established a prima facie case for relief. The record of conviction shows that he was the direct perpetrator of the attempted murder and that he personally and intentionally discharged a firearm, and for that reason I'm going to deny the petition."

Defendant timely appealed.

DISCUSSION

Defendant asserts that the trial court erred in relying on the preliminary hearing transcript at the prima facie stage to conclude he was ineligible for resentencing. We agree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 achieved this, in part, by amending section 188 to state that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." Senate Bill No. 1437 also created, in what is now section 1172.6, a mechanism for individuals convicted of qualifying offenses to petition for resentencing. And, effective January 1,

3

2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) amended section 1172.6 to expand its coverage beyond those convicted of murder to include individuals convicted of "attempted murder under the natural and probable consequences doctrine . . . ." (Stats. 2021, ch. 551, § 2; § 1172.6, subd. (a).)

A section 1172.6 petitioner must make a prima facie showing that he or she is entitled to relief. (§ 1172.6, subd. (c).) The California Supreme Court has explained that "the prima facie inquiry under [section 1172.6,] subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) At this stage, the trial court should also not engage in factfinding involving the weighing of evidence or the exercise of discretion. (*Id*. at p. 972.) " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id*. at p. 971.)

Courts are split on whether they may rely on pretrial hearing transcripts to deny relief at the prima facie stage, even when a defendant previously stipulated that those transcripts provided the factual basis for his or her plea. (Compare *People v. Rivera* (2021) 62 Cal.App.5th 217, 235 [deciding that grand jury transcript could not be used to establish the defendant acted with actual malice because his "stipulation to the grand jury transcript as the factual basis for his plea does not establish such an admission"] and *People v. Flores* (2022) 76 Cal.App.5th 974, 991 [concluding that preliminary hearing transcript did not establish the defendant's ineligibility for resentencing, in part because "his stipulation that the transcript provided a factual basis for the plea is not a ' "binding

4

admission for all purposes" ' "] with *People v. Patton* (2023) 89 Cal.App.5th 649, 657-658, review granted June 28, 2023, S279670 [rejecting the argument that the trial court engaged in impermissible factfinding to deny relief by relying on preliminary hearing testimony] and *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1167 [affirming denial of resentencing petition because "the transcripts from the preliminary and plea hearings demonstrate [the defendant] was convicted of second degree murder as a direct aider and abettor"].)

Our Supreme Court will resolve this question, having granted review in *People v. Patton*, *supra*, 89 Cal.App.5th at page 649. In the meantime, we conclude that the trial court, in this case, erred in relying on the preliminary hearing testimony at the prima facie stage to conclude that defendant was ineligible for relief. While defendant stipulated to the preliminary hearing transcript as providing a factual basis for his plea, this general stipulation does not constitute an admission to the truth of all testimony at the hearing for all purposes. (See *People v. Rivera*, *supra*, 62 Cal.App.5th at p. 235; *People v. Flores*, *supra*, 76 Cal.App.5th at p. 991.) Moreover, at the plea proceedings, defendant did not expressly admit to any specific facts, either himself or through counsel, as defendants sometimes do at such proceedings. (See, e.g., *People v. Fisher* (2023) 95 Cal.App.5th 1022, 1028 [the defendant admitted at the plea proceeding that he entered an apartment, shot and killed victims in two counts, and shot and injured a victim in a third count; trial court properly relied on plea colloquy in making credibility determination adverse to the defendant and denying petition].) Under the circumstances of this case, we conclude that reliance on the preliminary hearing testimony to determine whether defendant is eligible for relief as a matter of law would result in impermissible judicial factfinding at the prima facie stage. (*People v. Lewis*, *supra*, 11 Cal.5th at pp. 971-972.)

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, a defendant must show it is reasonably probable that, absent the error, his petition would not have been summarily denied without an

5

evidentiary hearing.  (*People v. Flint* (2022) 75 Cal.App.5th 607, 613; *People v. Lewis*, *supra*, 11 Cal.5th at p. 974.)  Here, without consideration of the evidence presented at the preliminary hearing, there is no basis to conclude that defendant was ineligible for relief as a matter of law.  Defendant filed a facially sufficient petition for resentencing.  The information charged attempted murder in such a manner that the prosecution could have proceeded under any theory.  (See *People v. Rivera*, *supra*, 62 Cal.App.5th at p. 233.)  And neither defendant's attempted murder without premeditation conviction, nor his admission that he personally used a firearm, conclusively establish his ineligibility.  (Cf. *People v. Jones* (2003) 30 Cal.4th 1084, 1120 ["The finding of personal use . . . would not in itself prove defendant was the actual killer"]; *People v. Offley* (2020) 48 Cal.App.5th 588, 598 [explaining that a firearm enhancement "does now show that a defendant acted with malice aforethought"].)  Accordingly, we must reverse and remand for the trial court to issue an order to show cause.  (§ 1172.6, subd. (d).)

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is reversed. The case is remanded to the trial court for issuance of an order to show cause.


_____\s\_____
Krause, J.

We concur:


_____\s\_____
Earl, P. J.


_____\s\_____
Boulware Eurie, J.